This case is on appeal from the August 7, 1997 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Phillip Gott, following his jury conviction of conspiracy to commit aggravated murder, a violation of R.C. 2923.01. On appeal, appellant asserts the following assignments of error:
 "I. THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS INSUFFICIENT TO CONVICT THE APPELLANT OF CONSPIRACY TO COMMIT AGGRAVATED MURDER.
 "II. THE INSTRUCTION TO THE JURY VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES AND STATE OF OHIO CONSTITUTIONS.
 "III. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY THAT COUNSEL'S FAILURE TO ADEQUATELY SAFEGUARD APPELLANT'S INTEREST, A VIOLATION OF DUE PROCESS.
 "IV. THE TRIAL JUDGE ABUSED HIS DISCRETION AND VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW, PURSUANT TO THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND STATE OF OHIO."
Appellant was indicted on two counts: aggravated murder of Destiny Elmore in violation of R.C. 2903.01(A) and conspiracy to commit aggravated murder of Elmore and/or Edward King in violation of R.C. 2923.01. Following a jury trial, appellant was found not guilty of the offense of aggravated murder of Elmore, but was found guilty of conspiring to commit the aggravated murder of Elmore and/or King. Appellant appeals from his sentence imposed by a judgment entered on August 7, 1997.
In his first assignment of error, appellant contends that his conviction was contrary to the manifest weight of the evidence. While appellant's assignment of error is phrased in terms of manifest weight of the evidence, his argument is really that the verdicts were inconsistent. Appellant argues that there could not have been evidence to support a finding that he conspired to kill Elmore since the jury did not convict him of her murder. He argues that the acquittal on the charge of aggravated murder is inconsistent with a conviction on the charge of conspiracy to commit aggravated murder. However, appellant ignores long-standing precedent that holds that verdicts in a multiple-count indictment cannot be inconsistent; there can only be inconsistent responses to the same count, not inconsistent responses to different counts of a multiple-count indictment. State v. Lovejoy (1997), 79 Ohio St.3d 440, paragraph one of the syllabus; Browning v. State (1929),120 Ohio St. 62, paragraph four of the syllabus; State v. Adams (1978),53 Ohio St.2d 223, vacated on other grounds (1978), 439 U.S. 811, paragraph two of the syllabus; and State v. Hicks (1989), 43 Ohio St.3d 72,78, certiorari denied (1990), 494 U.S. 1038; and State v. Newlin
(Nov. 21, 1995), Franklin App. No. 95APA03-379, unreported.
Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court erred by giving the jury an unclear, confusing, and ambiguous instruction concerning the conspiracy charge, which resulted in a violation of his due process rights. He argues that the jury should have been given two separate charges so that the jury would understand that it had to find that appellant conspired to murder Elmore or King. Appellant argues that because of the charge, there was no way to determine whether the jury found that all four elements of the charge of conspiracy were proven as to one or both of the victims. Since appellant did not object to the jury's instruction at trial, he now argues that it should be recognized as plain error on appeal.
The jury instructions relating to the conspiracy charge were as follows:
 "Before you can find Willie Carter and Phillip Gott guilty of conspiracy to commit aggravated murder, you must find beyond a reasonable doubt that between the 15th day of August, 1996 and the 31st day of December, 1996, and in Lucas County, Ohio, that the Defendants, with purpose to commit, promote or facilitate the commission of the aggravated murders of Destiny Elmore and/or Edward King, did plan, aid in planning, or agree with such other person or persons that one or more of them would engage in conduct which facilitated the commission of such offense. Thus, in addition to proof that the events happened in Lucas County, Ohio, there are four elements that must be proven beyond a reasonable doubt before the Defendants can be found guilty of conspiracy to commit aggravated murder.
 "They are, one, the Defendants purposely; two, committed or promoted or facilitated; three, the commission of aggravated murder; four, by doing either of the following; [sic] planned or aided in planning with another person or persons the commission of aggravated murder; or, agreed with another person or persons that one or more of them would engage in conduct which facilitated the commission of aggravated murder."
Appellant attempts to argue that the conspiracy charge was really two conspiracy charges: one conspiracy to commit the aggravated murder of Elmore and one conspiracy to commit the aggravated murder of Edward. We disagree. The crime was the ongoing conspiracy to kill either one or both of the victims.
Appellant contends that the jury could have found that some of the elements were proven as to one victim and some of the elements were proven as to the other victim. Such a conclusion was impossible because the elements require that they all be applied to one victim in order to make sense. Therefore, we find appellant's second assignment of error not well-taken.
In his third assignment of error, appellant argues that his appointed trial counsel rendered ineffective assistance of counsel because he failed to object to the above-mentioned jury instruction. Since we found appellant's second assignment of error lacked merit, and the trial court did not err by giving the quoted jury instruction, there is no valid basis for this assignment of error. Accordingly, appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant argues that the cumulative effect of the errors cited in his first three assignments of error, as well as six additional errors that he did not assign as error, denied appellant due process.
Cumulative harmless errors can justify the reversal of a conviction if the defendant was denied his constitutional right to a fair trial. State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. We have already reviewed the first three assignments of error presented by appellant and found that no error occurred. Appellant did not present the next six alleged errors as separate assignments of error with arguments to support them as required by App.R. 16(A)(3), (6), and (7). Therefore, we cannot review these additional alleged errors. Because appellant's fourth assignment of error was not properly presented, we find it not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J._____ _______________________________ JUDGE
Richard W. Knepper, J.______ _______________________________ JUDGE
Mark L. Pietrykowski, J.____ _______________________________ JUDGE CONCUR.